FRANK J. SINNOTT, Plaintiff, v. JOSEPH L. ENNIS, Defendant.

Submission of a controversy upon an agreed statement of facts.

PER CURIAM: We think the court acquired jurisdiction, that the facts alleged in the affidavit were sufficient to justify a finding that the defendant could not with due diligence be found within this State, and that the sale under the judgment was, therefore, valid. It follows that judgment must be directed for the plaintiff, but, under the stipulation, without costs. Present — Ingraham, McLaughlin, Clarke, Houghton and Lambert, JJ. Judgment for plaintiff, without costs. Settle order on notice.

---

CHARLES W. FOSTER, Appellant, v. HARRY F. CURTIS and ARTHUR B. SEDERQUIST, Respondents.

*Pleading — plaintiff entitled to bill of particulars as to stocks, securities, etc., claimed to have been purchased for him by defendants.*

Appeal by the plaintiff from an order entered in the clerk's office of the county of New York on the 27th day of March, 1907, denying plaintiff's motion for leave to renew his application for a further bill of particulars and for the granting of a further bill of particulars.

HOUGHTON, J. : The motion of plaintiff for a further bill of particulars seems to have been denied on the ground that plaintiff's reply to defendants' counterclaim was not before the court, and hence that such counterclaim stood admitted. A reply had in fact been served, but by inadvertence was not submitted to the court. It is manifest that had plaintiff's reply been before the court on the original motion a bill of particulars would properly have been ordered in large part as asked for. The plaintiff was entitled to know the names of the stocks or other securities claimed to have been purchased by defendants for the plaintiff, and the amounts and times of purchase or sale, and from or through whom bought, or to and through whom sold, and the time and manner of plaintiff's direction to defendants respecting such stocks, the times of defendants' reports to plaintiff, and the manner and times of plaintiff's confirmation or approval of the same. All these were matters of record in defendants' office, or, if not, were more peculiarly within defendants' knowledge than in that of plaintiff. Under the circumstances leave to renew the motion should have been granted, and the order denying the same must be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. Ingraham, McLaughlin, Clarke and Lambert, JJ., concurred. Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

---

Rose Littner, an Infant, by Marcus Littner, Her Guardian ad Litem, Appellant, v. Interurban Street Railway Company, Respondent.— Judgment and order affirmed, with costs. No opinion. Present — Ingraham, Laughlin, Clarke, Scott and Lambert, JJ., Laughlin, J., dissenting on the ground of error in charging last two requests of counsel for defendant; and Lambert, J., on the ground of error in charging second last request.